**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

v.                                                                    Case No.  3:09-cr-179-J-34JRK

EARL JAMAL BAKER
_____

# O R D E R[1]

**THIS CAUSE** is before the Court on the Report and Recommendation (Doc. No. 42; Report), entered by the Honorable James R. Klindt, United States Magistrate Judge, on November 21, 2009. In the Report, Magistrate Judge Klindt recommends that Defendant's Motion to Suppress Physical Evidence (Doc. No. 26; Motion to Suppress) be denied. See Report at 17. The United States and Defendant have each filed objections to the Report. See United States' Objections to the Report and Recommendation to the

---

[1] This is a "written opinion" under § 205(a)(5) of the E-Government Act and therefore is available electronically. However, it has been entered only to decide the issues addressed herein and is not intended for official publication or to serve as precedent.

Defendant's Motion to Suppress (Doc. No. 45; United States' Objections)[2]; Objections to the Report and Recommendation (Doc. No. 46; Defendant's Objections) (collectively Objections).[3]

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). If no specific objections to findings of facts are filed, the district court is not required to conduct a de novo review of those findings. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see also 28 U.S.C. § 636(b)(1). However, the district court must review legal conclusions de novo. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615, at * 1 (M.D. Fla. May 14, 2007). Upon independent review of the file and for the reasons stated in the Magistrate Judge's Report, the Court will overrule the Objections, and accept and

---

[2] Although the United States does not object to the Magistrate Judge's recommendation that the Motion to Suppress be denied, it does object to the legal analysis used to reach this result insofar as the Magistrate Judge declined to find that the encounter between police and Defendant was a "consensual" encounter not subject to Fourth Amendment scrutiny. See United States' Objections at 1,5.

[3] The United States has also filed a response in opposition to Defendant's Objections. See United States' Response to the Defendant's Objections to the Magistrate's Report and Recommendation Recommending Denial of Defendant's Motion to Suppress (Doc. No. 49). Defendant appears to have incorporated within Defendant's Objections his response in opposition to the United States' Objections. The Court does not deem any additional response from Defendant necessary to address the United States' Objections.

adopt the legal and factual conclusions recommended by the Magistrate Judge.[4]

Accordingly, it is hereby

**ORDERED:**

1. The United States' Objections to the Report and Recommendation to the Defendant's Motion to Suppress (Doc. No. 45) are **OVERRULED**.

2. Defendant's Objections to the Report and Recommendation (Doc. No. 46) are **OVERRULED**.

---

[4] While the Court adopts the Magistrate Judge's conclusion that the encounter between Lt. Kitchen and Defendant was more than a mere consensual encounter, the Court declines to adopt a portion of the Magistrate Judge's underlying analysis. Specifically, the Court does not rely on the fact that "Lt. Kitchen's intent upon approaching Defendant was to make him leave the property, which necessarily would have required either an escort or a brief detention if Defendant had been uncooperative." See Report at 16. To determine whether a police-citizen encounter is consensual and thus not subject to Fourth Amendment scrutiny, courts look to whether "'a reasonable person would feel free to terminate the encounter[.]'" United States v. Perez, 443 F.3d 772, 777-78 (11th Cir. 2006) (quotation omitted) (emphasis removed). Thus, "the subjective intent of the officers is relevant to an assessment of the Fourth Amendment implications of police conduct only to the extent that that intent has been conveyed to the person confronted." Michigan v. Chesternut, 486 U.S. 567, 576 n.7 (1988).

The Court also notes that it is not entirely clear in the Report whether the Magistrate Judge determined that the encounter was a Terry stop from the outset, see Terry v. Ohio, 392 U.S. 1 (1968), or whether it began as a consensual encounter that quickly transformed into a Terry stop when Lt. Kitchen unholstered his weapon and ordered Defendant to show his hands. See United States v. Alvarez-Sanchez, 774 F.2d 1036, 1040 (11h Cir. 1985) ("An initially consensual encounter . . . can ripen into a detention requiring reasonable suspicion or probable cause.") (citation omitted). Because the Court agrees with the Magistrate Judge that Lt. Kitchen had reasonable suspicion sufficient to justify a Terry stop at the time he initially approached Defendant, see Report at 14-15, there is no need to delineate the exact moment the encounter between Lt. Kitchen and Defendant became subject to Fourth Amendment scrutiny. See United States v. Salter, 255 F. App'x 355, 359 (11th Cir. 2007) (per curiam) ("[T]he Government asserts that the seizure did not begin until Sergeant Wright asked Salter and the others to submit to a pat-down. Salter counters that the initial encounter was a non-consensual seizure at the outset, as 'it was clear' that neither he nor his companions were free to leave. We need not decide this question, however, because . . . even if the seizure began when Sergeant Wright confronted the trio and told them not to move, there was an objectively reasonable suspicion that criminal activity was afoot, thereby justifying a brief investigatory detention pursuant to Terry.").

3. With the exception noted in footnote four above, the Magistrate Judge's Report and Recommendation (Doc. No. 42) is **ADOPTED** as the opinion of the Court.

4. Defendant's Motion to Suppress Physical Evidence (Doc. No. 26) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, this 3rd day of March, 2010.

MARCIA MORALES HOWARD
United States District Judge

lc9

Copies to:

Counsel of Record